IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Fitch, Even, Tabin & Flannery LLP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-3141 |
| | ) | |
| Tammy E. Dorsey, James R. Balman and Prenatal-Hope, Inc. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF PATENT NON-INVENTORSHIP

Plaintiff, Fitch, Even, Tabin & Flannery, LLP ("Fitch Even"), for its Complaint against Defendants, Tammy E. Dorsey, James R. Balman and Prenatal-Hope, Inc., by its undersigned counsel, alleges as follows:

Plaintiff, Fitch Even, brings this action seeking a declaration that Defendant, Tammy E. Dorsey ("Dorsey"), CEO and Co-Founder of Defendant Prenatal-Hope, Inc. ("PNH"), is not an inventor of any of the subject matter claimed in U.S. Patent 11,622,705 ("the '705 patent"). More generally, Fitch Even seeks a declaration to establish the correct inventorship of the '705 patent under 35 U.S.C. § 256.

## PARTIES

1. Plaintiff, Fitch, Even, Tabin & Flannery LLP, is a law firm formed under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

2. Defendant, Tammy E. Dorsey, is an individual who at times relevant to this Complaint resided at 912 McKinley, Mundelein, Illinois 60060.

3. Defendant, James R. Balman, is an individual who at times relevant to this Complaint resided at 1301 Andover, Mundelein, Illinois 60060.

4. Defendant, Prenatal-Hope, Inc., is a corporation organized and existing under the laws of Florida, which at times relevant to this Complaint maintained a business address at 970 Harris Road, Unit 1B, Grayslake, Illinois 60030.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it involves substantial claims arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically under 35 U.S.C. § 256(b).

6. Under 35 U.S.C. § 256(b), the federal courts have exclusive jurisdiction over causes of action relating to correction of inventorship of an issued U.S. patent.

7. The Court has jurisdiction to declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201 and 2202 because there is actual controversy between Dorsey and Fitch Even as to whether Dorsey qualifies as an inventor on the '705 patent.

8. This controversy is within the Court's jurisdiction and is addressable by the Court in a manner that will provide relief to Fitch Even under the U.S. patent laws.

9. Personal jurisdiction exists in the Court over Defendants Dorsey and Balman, who are both individual citizens of Illinois and residents within this District. Personal jurisdiction exists over defendant PNH because PNH maintains a principal place of business within Illinois and within this District.

10. Additionally, and independently, this Court has jurisdiction because a substantial part of the events or omissions giving rise to Plaintiff's claim for declaratory judgment occurred within Illinois and within this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) in that Defendants reside in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claim for declaratory judgment occurred in this District.

## FACTUAL ALLEGATIONS & BACKGROUND

12. Fitch Even is a law firm engaged principally in the practice of intellectual property law. Among the services offered by Fitch Even to its clients is the preparation of patent applications, including U.S. and international patent applications.

13. PNH is an entity that, on information and belief, claims to develop and commercialize certain medical technology.

14. Dorsey is, and at all times relevant to this Complaint has been, an officer and partial owner of defendant PNH.

15. Balman is the former Chief Technology Officer of PNH.

16. On or about on January 16, 2019, PNH retained Fitch Even for the preparation and prosecution of one or more patent applications related to certain PNH medical technology.

17. From approximately January 2019 through approximately January 2021, at the request of PNH, Fitch Even provided legal services and incurred expenses on behalf of PNH in connection with certain patent matters regarding the subject medical technology.

18. The Fitch Even attorneys who worked on matters for PNH did so in the Chicago office of Fitch Even and otherwise worked within this District.

19. On October 16, 2019, Balman, while an employee and Chief Technology Officer of PNH, filed a provisional application titled "Apparatus and Method for Determining Physiological Parameters of an Infant In-Utero." That application was assigned Serial No. 62/916,094 ("the '094 application").

3

20. PNH refers to the technology underlying the '094 application as the "Halo II" technology.

21. Balman was an officer of PNH when he filed the '094 application on October 16, 2019.

22. Fitch Even did not prepare the '094 application, but rather, Balman filed this application independently.

23. Under U.S. law, a provisional patent application does not itself issue as a U.S. patent, but a provisional application can form a predicate basis for a subsequent application that might issue as a U.S. patent.

24. As part of Fitch Even's representation of PNH, PNH asked Fitch Even to file an international patent application that would claim the benefit of the '094 application. PNH asked Fitch Even to work with Mr. Balman on this international application.

25. On November 4, 2019, Fitch Even emailed Balman regarding the Halo II Patent asking: "Also to confirm, this is for Prenatal Hope?" Balman responded: "yes to Prenatal Hope, Pending the equity exchange. Follow up when closer to a year sounds good. Thanks."

26. On October 6, 2020, Fitch Even wrote Dorsey and another owner of PNH: "Just wanted to keep you in the loop that we are working with James [Balman] on the nonprovisional application for this [the Halo II Patent]."

27. On October 13, 2020, Fitch Even sent a draft of the international patent application to Dorsey, Balman and PNH.

28. At the direction of PNH, Fitch Even finalized and filed the international patent application on October 16, 2020. This application was assigned application no. PCT/US2020/056050 ("the '050 application").

29. Fitch Even advised both Balman (an officer of PNH) and Dorsey of the '050 application filing on the date it was filed, October 16, 2020.

30. The '050 application claimed the benefit of '094 application, which again was the provisional patent application filed by Balman on October 16, 2019.

31. In the U.S., the '050 application eventually issued as the '705 patent. Balman is the owner of the '705 patent, and there is no recorded assignment of the patent.

32. Dorsey was not named as an inventor in the '094 application.

33. The subject matter of the '094 application was invented solely by Balman.

34. Dorsey did not conceptualize, reduce to practice, or otherwise take actions that would qualify her to be named as an inventor in the '094 application.

35. The '050 application that Fitch Even filed on behalf of PNH likewise named only Balman as the named inventor.

36. Dorsey was not named as an inventor in the '050 application, and she is not named as an inventor in the '705 patent.

37. The subject matter disclosed and claimed in the '050 application and the '705 patent was invented solely by Balman. Dorsey did not conceptualize, reduce to practice, or otherwise take actions that would qualify her to be named as an inventor in the '050 application or the '705 patent.

38. Inventorship is governed by U.S. law. Dorsey was not entitled under U.S. law to be named as an inventor on the '094 application or on the '050 application, or the '705 patent.

39. As a matter of law, Fitch Even could not have named Dorsey as an inventor on the '050 application or the '705 patent because Dorsey did not qualify as an inventor thereon.

40. Dorsey has asserted that she had instructed Fitch Even to name her as an inventor in the '050 application.

41. Fitch Even did not prosecute the '705 patent before the USPTO.

## LITIGATION HISTORY & IMMEDIATE DISPUTE

42. On October 12, 2022, Defendant PNH commenced a first malpractice action against Fitch Even in Cook County, Illinois (*Prenatal Hope, Inc. v. Fitch, Even, Tabin & Flannery LLP*, Case No. 2022-L-009239).

43. In this first malpractice action, PNH asserted that Fitch Even had committed professional malpractice by failing to name Dorsey as an inventor in the '050 application.

44. Specifically, PNH's Complaint alleged Professional Negligence (Count I) and Breach of Fiduciary Duty (Count II), both predicated in part on Fitch Even's alleged malpractice in failing to name Dorsey as an inventor in the '050 application.

45. On May 5, 2023, this first malpractice action was dismissed by the trial court based on prematurity - pending the outcome of the cases filed by PNH and Balman against each other in Lake County, Illinois - *Prenatal Hope, Inc. v. James Balman*, Case No. 21-CH-55; *James Balman v. Tammy Dorsey, et al.*, Case No. 21-CH-234 (consolidated) - to resolve, among other matters, issues related to ownership of certain intellectual property and the ownership of the '050 patent.

46. On May 24, 2024, after the Lake County actions were resolved, PNH commenced a second malpractice action against Fitch Even in Cook County, Illinois (*Prenatal Hope, Inc. v. Fitch, Even, Tabin & Flannery LLP*, Case No. 2024-L-005767) (hereinafter, the "24-L-5767 Action"). The Complaint again alleged Professional Negligence (Count I) and Breach of Fiduciary Duty (Count II).

47. Both Count I and Count II again are predicated in part on Fitch Even's alleged malpractice in failing to name Dorsey as an inventor in the '050 application.

48. The 24-L-5767 Action is ongoing.

49. On November 25, 2024, in the 24-L-5767 Action, Fitch Even served its First Set of Interrogatories to PNH. Interrogatory 16 asked PNH to "State all facts and evidence which shows, establishes, or supports the allegation that Ms. Dorsey was an inventor or co-inventor of [the invention of the '050 application/'705 patent]."

50. Under longstanding federal patent law, proof of inventorship requires corroboration.

51. PNH responded to Fitch Even's Interrogatories on February 17, 2025.

52. In its response to Interrogatory No. 16, PNH provided no evidence to corroborate that Dorsey invented any of the subject matter of the '050 application or the '705 patent.

53. Additionally, while Dorsey has produced documents in discovery in the 24-L-5767 Action, Dorsey has produced no documents that would serve to corroborate her claim of inventorship.

54. Dorsey did not conceive of, reduce to practice, or otherwise invent any of the subject matter of the '050 application or the '705 patent.

55. Dorsey did not provide, and is unable to provide, evidence to corroborate that Dorsey invented any of the subject matter of the '050 application or the '705 patent.

56. As such, as a matter of law, Dorsey cannot qualify as an inventor of the '705 patent.

## COUNT I
### Declaratory Judgment that Dorsey
### is Not an Inventor of the '050 Application or the '705 Patent

57. The allegations of all prior paragraphs are incorporated as if fully restated here.

58. Defendant Dorsey has provided no evidence corroborating her assertion that she is an inventor of the Halo II technology or that she should be named as an inventor in the '705 patent.

59. Dorsey did not contribute to the claims of the '050 application or the '705 patent.

60. As a result of PNH's assertion that Dorsey should have been named as an inventor, and in light of PNH's alleged malpractice claims against Fitch Even, a real and justiciable controversy has arisen, and currently exists, between Fitch Even and PNH.

61. The nature of the controversy—whether the '705 patent should be corrected to name Dorsey or others as inventors—is directly addressable and resolvable by this Court.

62. Under 35 U.S.C. § 256, a U.S. District Court before which an inventorship question is raised may order correction of the patent "on notice and hearing of all parties concerned."

63. State courts do not have the jurisdiction to order correction of inventorship, but rather, that authority lies only with the federal courts.

64. This Court may correct inventorship of the '705 patent to the extent that the '705 patent does not name the correct inventors, so long as the omission of any named inventor was made without deceptive intent.

65. Fitch Even has standing to bring this declaratory judgment action. The relief sought by Fitch Even—a declaration that Dorsey is not an inventor—will obviate PNH's alleged claims for malpractice against Fitch Even to the extent that the claims are based on Fitch Even's allegedly incorrect naming of only Balman as the inventor in the '050 application.

66. Even though Dorsey's status as a putative inventor is central to the PNH's alleged malpractice claims in the 24-L-5767 Action, the Illinois state court in which that action is pending has no power to correct inventorship.

67. On information and belief, had Dorsey been an inventor on the '705 patent, her ownership interest in the '705 patent would have been for the benefit of PNH. PNH is therefore one of the "parties concerned" under 35 U.S.C. § 256, to the extent that the Court would be inclined to establish Dorsey as an inventor of the '705 patent.

68. On information and belief, Balman is qualified to be named as an inventor in the '705 patent. He is therefore also one of the "parties concerned" under 35 U.S.C. § 256, to the extent that the Court would be inclined to correct inventorship to establish Dorsey as an inventor of the '705 patent.

69. Fitch Even is unaware of other persons who might be named as an inventor on the '705 patent. To the extent that any person other than Balman should be named as an inventor, Fitch Even seeks correction of the '705 patent accordingly. Any additional unnamed inventors would mitigate any claimed damages suffered by Dorsey as a result of Fitch Even's alleged malpractice.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fitch Even requests that this Court grant the following relief:

1. A declaration that Defendant Dorsey is not an inventor of the Halo II subject matter;

2. A declaration that the '705 patent should not be corrected to name Dorsey as inventor;

3. To the extent there are any unnamed inventors of the '705 patent, an order for correction of the '705 patent under 35 U.S.C. § 256; and

4. Such other and further relief as the Court may deem just and proper.

Date: March 25, 2025

    s/ *Peter D. Sullivan*
Attorneys for Plaintiff
Fitch, Even, Tabin & Flannery LLP

Peter D. Sullivan/No. 6481940
Terrence P. McAvoy/No. 6196798
Roger M. Masson/No. 6283475
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
312-704-3000
312-704-3001
psullivan@hinshawlaw.com
tmcavoy@hinshawlaw.com
rmasson@hinshawlaw.com