UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FITCH, EVEN, TABIN & FLANNERY, LLP, | ) ) ) |
| Plaintiff, | ) Case No. 1:25-cv-3141 ) |
| v. | ) Judge Sharon Johnson Coleman ) |
| TAMMY E. DORSEY, JAMES R. BALMAN and PRENATAL HOPE, INC, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Fitch, Even, Tabin & Flannery, LLP, ("Fitch Even") filed its Complaint seeking declaratory judgment that Defendant, Tammy E. Dorsey ("Dorsey"), CEO and Co-Founder of Defendant Prenatal-Hope, Inc. ("PNH")[1], is not an inventor of any of the subject matter claimed in U.S. Patent 11,622,705 ("the '705 patent") and seeking to establish the correct inventorship of the '705 patent under 35 U.S.C. § 256. Defendants Dorsey and PNH filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). For the reasons set forth below, the Court grants Defendants' Motion.

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving this Motion.

Fitch Even is a law firm engaged principally in the practice of intellectual property law. Among the services offered by Fitch Even to its clients is the preparation of patent applications, including

---

[1] Defendant James R. Balman ("Balman") entered an appearance *pro se* on November 4, 2025. On November 21, 2025, the Court granted Balman leave to file a response to Defendants Dorsey and PNH's Motion within 45 days. Because Balman did not file a response before the deadline expired on January 5, 2026, the Court presumes he is not challenging the Motion.

1

U.S. and international patent applications. PNH is an entity that develops and commercializes certain medical technology. Dorsey is, and at all times relevant to this Complaint has been, an officer and partial owner of defendant PNH. Balman is the former Chief Technology Officer of PNH.

### A. The '094 Application, '050 Application, and '705 Patent

On or about January 16, 2019, PNH retained Fitch Even for the preparation and prosecution of one or more patent applications related to certain PNH medical technology. From approximately January 2019 through approximately January 2021, at the request of PNH, Fitch Even provided legal services in connection with patent matters for PNH's "Halo II" technology, which is an "Apparatus and Method for Determining Physiological Parameters of an Infant In-Utero."

On October 16, 2019, Balman, while an employee and Chief Technology Officer of PNH, filed a provisional patent application for the Halo II technology. That application was assigned Serial No. 62/916,094 ("the '094 application"). A provisional patent application does not itself issue as a U.S. patent, but a provisional application can form a predicate basis for a subsequent application that might issue as a U.S. patent.

Fitch Even did not prepare the '094 application, but rather, Balman filed this application independently. As part of Fitch Even's representation of PNH, however, PNH asked Fitch Even to file an international patent application that would claim the benefit of the '094 application. PNH asked Fitch Even to work with Balman on this international application. On November 4, 2019, Fitch Even emailed Balman regarding the Halo II Patent asking: "Also to confirm, this is for Prenatal Hope?" Balman responded: "yes to Prenatal Hope, pending the equity exchange. Follow up when closer to a year sounds good. Thanks." On October 6, 2020, Fitch Even wrote Dorsey and another owner of PNH: "Just wanted to keep you in the loop that we are working with James [Balman] on the nonprovisional application for [the Halo II Patent]."

On October 13, 2020, Fitch Even sent a draft of the international patent application to Dorsey, Balman and PNH. At their direction, Fitch Even finalized and filed the international patent application on October 16, 2020. This application was assigned application no. PCT/US2020/056050 ("the '050 application"). Fitch Even advised both Balman and Dorsey of the '050 application filing on the date it was filed, October 16, 2020. The '050 application claimed the benefit of '094 application, which again was the provisional patent application filed by Balman on October 16, 2019. In the U.S., the '050 application eventually issued as the '705 patent. In that patent, Balman is listed as the sole inventor and owner and there is no recorded assignment of the patent. Dorsey was not named as an inventor in the '094 application, '050 application, or '705 patent.

### B. Subsequent Litigation and Immediate Dispute

On October 12, 2022, Defendant PNH commenced a malpractice action against Fitch Even in Cook County, Illinois (*Prenatal Hope, Inc. v. Fitch, Even, Tabin & Flannery LLP*, Case No. 2022-L-009239). In this malpractice action, PNH asserted that Fitch Even committed professional malpractice by failing to name Dorsey as an inventor in the '050 application. Specifically, PNH's Complaint alleged Professional Negligence (Count I) and Breach of Fiduciary Duty (Count II), both predicated in part on Fitch Even's alleged malpractice in failing to name Dorsey as an inventor in the '050 application. On May 5, 2023, the trial court dismissed the malpractice action on prematurity grounds, pending the outcome of the cases filed by PNH and Balman against each other in Lake County, Illinois (*Prenatal Hope, Inc. v. James Balman*, Case No. 21-CH-55; *James Balman v. Tammy Dorsey, et al.*, Case No. 21-CH-234 (consolidated)). These actions aimed to resolve, among other matters, issues related to ownership of certain intellectual property and the ownership of the '050 patent.

3

On May 24, 2024, after the Lake County actions were resolved,[2] PNH commenced a second malpractice action against Fitch Even in Cook County, Illinois (*Prenatal Hope, Inc. v. Fitch, Even, Tabin & Flannery LLP*, Case No. 2024-L-005767) (hereinafter, the "24-L-5767 Action"). The Complaint again alleged Professional Negligence (Count I) and Breach of Fiduciary Duty (Count II). Both Count I and Count II again are predicated on Fitch Even's alleged malpractice in failing to name Dorsey as an inventor in the '050 application. The 24-L-5767 Action is ongoing.

On November 25, 2024, in the 24-L-5767 Action, Fitch Even served its First Set of Interrogatories to PNH. Interrogatory 16 asked PNH to "state all facts and evidence which shows, establishes, or supports the allegation that Dorsey was an inventor or co-inventor of [the invention of the '050 application/'705 patent]." PNH responded to Fitch Even's Interrogatories on February 17, 2025. In its response to Interrogatory No. 16, PNH provided no evidence to corroborate that Dorsey invented the subject matter of the '050 application or the '705 patent. Additionally, while Dorsey has produced documents in discovery in the 24-L-5767 Action, Dorsey has produced no documents that would serve to corroborate her claim of inventorship.

**LEGAL STANDARD**

**A. Rule 12 (b)(1)**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). The court must dismiss actions where there is no federal question or where there is no diversity for want of jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing

---

[2] At the time of this Order, the Court is unaware of how the Lake County actions were "resolved." Because the Court must accept well pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Court will infer that the state court did not make a determination on the correction of the patent, which is the subject of the present suit and exclusively within the federal court's jurisdiction.

4

that the subject matter jurisdictional requirements have been met. *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). When a defendant has facially challenged standing, Under Rule 12(b)(1), the Court accepts all well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**B. Rule 12 (b)(6)**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson*, 551 U.S. at 94 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**DISCUSSION**

Prior to addressing the Motion, the Court must determine whether it has jurisdiction over Fitch Even's action which seeks a declaration that Dorsey is not an inventor of the '705 Patent or seeks a declaration to establish the correct inventorship of the '705 patent under 35 U.S.C. § 256.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court in the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Additionally, in 35 U.S.C. § 256 Congress expressly bestowed the district courts with jurisdiction to order corrections of issued patents. *See Memorylink Corp. v. Motorola*, Inc., 08 C 3301,

2009 WL 464338, at *12 (N.D. Ill. Feb. 23, 2009) (Hibbler, J.) (stating "Congress provided district courts with explicit textual authority to hear cases involving issued patents.")

Defendants concede that federal courts have exclusive jurisdiction over § 256 claims and the power to order corrections to patents but maintains Fitch Even filed the present action with ulterior motives unrelated to a correction. In the State Court Litigation, PNH (not Dorsey), alleged that Fitch Even committed professional negligence by failing to (1) follow PNH's instructions to list Dorsey as an inventor in all patent applications involving PNH's IP, including, but not limited to the ´705 patent; (2) advise PNH prior to filing the ´705 patent that it intended to file that patent listing Balman as the sole inventor; and (3) obtain an assignment from Balman for the ´705 patent prior to filing the application. Opp., Exhibit A (State Court Complaint), ¶ 46. In that matter, PNH does not seek to correct or change the ´705 patent. In characterizing Fitch Even's motivation for filing suit, Defendants state: "Fitch Even, under the guise of bringing a [correction] claim under § 256, is really asking this court to confirm that Balman, who is listed as the sole inventor on the ´705 patent, should remain as the sole inventor listed on the ´705 patent in order to "litigate issues currently pending in the earlier-filed State Court Litigation." (Dkt. 18 at *5.) Defendants argue the state court can easily determine whether Fitch Even's acts and omissions alleged by PNH constituted legal malpractice without infringing on the exclusive jurisdiction of this Court to make corrections to patents pursuant to § 256. (Dkt. 22 at *6.)

In response, Fitch Even emphasizes "it is the federal courts - and only the federal courts - that are empowered by Section 256 to resolve patent inventorship disputes," meaning this action is the sole mechanism it can utilize for relief. (Dkt. 20 at *2.) Fitch Even maintains it has invoked the Declaratory Judgment Act precisely so that this Court can "declare the rights and other legal relations" pertaining to the inventorship of the '705 patent. (*Id.* at *2-3.) Accordingly, they argue, even in the absence of the Complaint's explicit request for "correction of inventorship" as one alternative

6

outcome, the declaratory relief sought by Fitch Even is both concrete and justiciable by this Court. (*Id.* at *3).

The Court agrees with Defendants that Fitch Even has filed the present suit, under the guise of an inventorship correction claim, to litigate issues properly before the state court. Fitch Even explicitly concedes its motivation, in stating its direct economic interest in declaratory relief concerning the inventorship of the '705 patent is to mitigate the large sum of damages that Fitch Even may owes or to vitiate PNH's claim of professional negligence. (Dkt. 20 at *8.) While Fitch Even is correct that Congress expressly bestowed district courts with jurisdiction to order corrections of issued patents, what Fitch Even seeks is not actually a correction, but a declaration that it can use to mitigate damages in a separately filed legal malpractice lawsuit that is not before this Court. It is well established that a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). Recognizing this, it appears to the Court, that Plaintiff sought to circumvent an adverse ruling over state questions, by artfully pleading in a separate federal action, a "Motion for Correction." Unfortunately for Plaintiff, however, Defendant's underlying state malpractice claims are rooted in state law. As the masters of their complaint, they were within their rights to bring state-law claims in state court. *See Nelson v. Stewart,* 422 F.3d 463, 466 (7th Cir. 2005). As Defendants emphasize, Federal Courts do not have exclusive jurisdiction to decide legal malpractice claims involving allegations that the law firm did not follow client instructions, did not list the proper parties on the patent application, or failed to obtain an assignment. (Dkt. 22 at *7).

Because Fitch Even improperly seeks declaratory judgement on state law claims, without an actual federal question, the Court does not have subject-matter jurisdiction to hear Fitch Even's claims. The Court declines to rule on the merits of Defendants' 12(b)(1) standing and 12(b)(6) merits arguments. Such determinations are not properly before the Court in light of its finding that it does

7

not have subject matter jurisdiction over the action. Accordingly, and because a court that lacks subject matter jurisdiction cannot dismiss a case with prejudice, *See Flynn v. FCA US LLC*, 39 F.4th 946, 95(7th Cir. 2022), the Plaintiffs' remaining counts are dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court grants Defendants, Dorsey and PNH's, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED.**

Date: 2/23/2026

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge